UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
========================================================

THE MASONIC ASSOCIATION
OF UTICA NY,

        Plaintiff,

v.                                                6:08-cv-00552 (NPM / DEP)

WEST AMERICAN INSURANCE
COMPANY, THE OHIO INSURANCE
COMPANY, OHIO CASUALTY CORP.,
LIBERTY MUTUAL GROUP,

        Defendants.

---

APPEARANCES:

| | |
|---|---|
| Kelly & Walthall, P.C. | Stephen L. Walthall, Esq. |
| Attorney for Plaintiff | Anne M. Zielenski-McGahey, Esq. |
| 239 Genesee Street | |
| 400 Mayro Building | |
| Utica, New York   13501 | |
| | |
| Mura & Storm, PLLC | Scott D. Storm, Esq. |
| Attorney for Defendants | |
| 930 Rand Building | |
| 14 Lafayette Square | |
| Buffalo, New York   14203 | |

Neal P. McCurn, Senior United States District Judge

**MEMORANDUM-DECISION and ORDER**

This is an action originally brought in New York State Supreme Court on April 21, 2008, by the plaintiff Masonic Association of Utica, N.Y. ("Association") against defendants West American Insurance Company ("West"), the Ohio Insurance Company, Ohio Casualty Corporation, and Liberty Mutual Group (collectively, "defendants"), for breach of contract and egregious tortious conduct. Defendants removed the case to this court on May 23, 2008, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §1441. Accordingly, the court has jurisdiction over this action. Currently before the court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6) and/or 12(c) (Doc. No. 12), and defendants' motion for summary judgment (Doc. No. 22). For the reasons set forth below, the court denies defendants' motions, and grants plaintiff's request to amend its complaint in accordance to this decision and order.

**I.    FACTS**

In its complaint, plaintiff alleges that on March 3, 2006, defendants issued their renewal policy ("the policy") to plaintiff for the period April 27, 2006 to April 27, 2007, covering plaintiff's property located at 251 Genesee Street, Utica, NY 13501 (the "insured premises"). The policy contains limits of liability in the amount of $1,000,000.00. At all relevant times, plaintiff was the named insured on the policy, and the policy was in full effect on March 11, 2007. On that date, a part of the north wall of the insured premises collapsed. On March 12, 2007,

defendants were placed on notice of the loss when the property loss notice form was filed by the agent for plaintiff and defendants, Turnbull Insurance.  On March 13, 2007, the insured premises were inspected and photographed by the defendants' adjuster.  On April 5, 2007, defendants had the premises inspected by their agent Peter C. Cedrone of Cedrone Civil/Structural Engineering, P.C., who rendered his findings via report issued on April 26, 2007.  On June 8, 2007, the defendants issued a letter denying coverage for the property loss.  Plaintiff asserts that despite repeated demands, defendants have failed, refused and neglected to compensate plaintiff for its loss as defendants are required to do under the terms and conditions of the policy, or to justify the denial of plaintiff's claim in any meaningful or comprehensive fashion.

    On August 12, 2008, defendants came before the court to argue that plaintiff's cause of action for bad faith must be dismissed, and plaintiff's claims for punitive damages and attorney fees must be denied, for failure to state a claim.  Doc. No. 12.  In  addition, defendants filed a motion for summary judgment on March 31, 2009, requesting that this court dismiss plaintiff's breach of contract claim.  In the interest of judicial efficiency, the court considers these motions together, and for the reasons set forth below, denies both motions.

## II.   DISCUSSION

   A.   Standard for Motion to Dismiss

Defendants move to dismiss plaintiff's second cause of action pursuant to Fed.R.Civ.P. Rule 12(b)(6) and/or 12(c).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." Id. (internal citations omitted).  In the case at bar, defendants assert that the plaintiff has made "bald conclusory allegations without absolutely any factual support whatsoever," and the complaint "as presently pleaded, fails to state a viable cause of action supporting a cause of action for 'bad faith.'" Doc. No. 12-1 at p. 6.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When deciding a motion to dismiss, the court must accept as true the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). As stated above, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683, 40 L.Ed.2d 90 (1973).

Here, in that portion of plaintiff's complaint relevant to the motion to dismiss currently before the court, plaintiff's second cause of action alleges bad faith on the part of the defendants, and seeks punitive damages and attorney's fees. "Under New York law, 'damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but ... punitive damages may be recoverable if necessary to vindicate a public right.'" Fabrizio v. Erie Ins. Co., 2009 WL 427102 at * 3 (N.D.N.Y. 2009) (citing New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 315, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995). The New York Court of Appeals has stated that

> [p]unitive damages are available only in those limited
> circumstances where it is necessary to deter defendant
> and others like it from engaging in conduct that may be

>characterized as "gross" and "morally reprehensible," and of such wanton dishonesty as to imply a criminal indifference to civil obligations. We set forth in the decision the pleading elements required to state a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract. They are: (1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon (10 N.Y.2d 401, 404-405, 223 N.Y.S.2d 488, 179 N.E.2d 497, supra); (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally.... Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract.

Fabrizio v. Erie Ins. Co., 2009 WL 427102 at * 3.

Defendants argue in their moving papers that the plaintiff's complaint does not adequately plead a cause of action for bad faith, i.e., the plaintiff has plead no evidentiary allegations of a tort separate and apart from West American's contractual obligations. Doc. No. 12-3. Plaintiff asserts that its complaint was drafted as a New York State Supreme Court complaint, utilizing the NYS Civil Practice Laws and Rules, and as such, meets the New York Court of Appeals pleading requirements. Defendants then removed the matter to this court and filed the present motion to dismiss. Plaintiff argues that defendants' motion is premature, and plaintiff should be fairly given an opportunity to carry its burden of

6

proof, which would be precluded should the court grant a dismissal at this juncture. Plaintiff requests that, in the alternative to dismissal, it be allowed to amend its complaint. The court is loathe to dismiss plaintiff's claims of bad faith at this juncture, before discovery has been conducted on this issue, and, in the interest of justice, denies defendants' motion to dismiss and grants plaintiff the opportunity to amend its complaint in conformance with the federal rules and the governing case law.

    B.    Standard for Summary Judgment

Defendants also move the court to grant their motion for summary judgment based on, <u>inter alia</u>, their interpretation of the terms of the contract as applied to the facts of this case, and on the assumption that the damage was caused by conditions specifically excluded from coverage. A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). <u>See also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.</u>, 391 F.3d 77, 82 (2d Cir. 2004). For purposes of this rule, material facts are defined as those which might affect the

outcome of the suit under the governing law. <u>Anderson V. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).

"[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" <u>See</u> <u>Security Ins.</u>, 391 F.3d at 83, <u>citing</u> <u>Anderson</u>, 477 U.S. at 255. "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991), <u>citing</u> <u>Anderson</u>, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," <u>see</u> <u>Koch v. Town of Brattleboro, Vermont</u>, 287 F.3d 162, 165 (2d Cir. 2002), <u>citing</u> Fed. R. Civ. P. 56(c), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, <u>see</u> <u>Peck v. Public Serv. Mut. Ins. Co.</u>, 326 F.3d 330, 337 (2d Cir. 2003), <u>cert. denied</u>, 540 U.S. 1005 (2003).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine issue of material fact." Anderson, supra, at 247-48.  At the summary judgment stage of any litigation, "the trial court's task is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined ... to issue-finding; it does not extend to issue resolution."  Gallo v. Prudential Residential Serv. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).  "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Id.

   In the present case, defendants submit that the plain language of the policy precludes recovery by the plaintiff, that there are no genuine issues of material fact at issue, and summary dismissal is appropriate in this instance.  Pursuant to the standards set forth supra, the burden falls to the plaintiff to set forth specific facts showing that there is a genuine issue for trial.  Plaintiff asserts, inter alia, that the insurance policy relevant to this action is itself a "masterpiece of obfuscation," containing no less than forty policy forms and endorsements, thereby raising questions of material fact sufficient to defeat a motion for summary judgment.  Plaintiff's counsel also "recite[s] hornbook law for the precept that requires that, in the event of doubt or ambiguity as to the meaning of the terms of a contract, the

language must be construed most strongly against the party who prepared it or supplied a form for the agreement." Doc. No. 25 at p. 2.  The court concurs with plaintiff and cites Dalton v. Harleysville Worcester Mut. Ins. Co., 557 F.3d 88, 93 (2d Cir. 2009) for the premise that once a court has found "a genuine ambiguity, [it] must apply the rule that ambiguities in insurance policies are generally resolved in favor of the insured." Id.

"When a dispute arises involving the terms of an insurance contract, New York insurance law provides that an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Insurance Company, 472 F.3d 33, 42 (2d Cir. 2006).  "The initial interpretation of a contract is a matter of law for the court to decide.  Part of this threshold interpretation is the question of whether the terms of the insurance contract are ambiguous." Morgan Stanley Group Inc. v. New England Insurance Company, 225 F.3d 270, 275 (2d Cir. 2000) (internal quotations and citations omitted).  In the case at bar, the court concurs with the plaintiff that the terms of the insurance policy are ambiguous, and cites the specific examples of the definitions of "collapse" and "hidden damage." In addition, pursuant to New York Insurance law, in order to "to negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in

clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case and that its interpretation of the exclusion is the only construction that [could] fairly be placed thereon." Alamia v. Nationwide Mutual Fire Insurance Company, 495 F. Supp.2d 362, 367 (S.D.N.Y. 2007) (internal quotations and citation omitted).  In the case at bar, there are issues of fact  remaining concerning the issue of collapse, i.e., what constitutes the collapse of the building and its effect on the ability of plaintiff to occupy the premises, with the plaintiff and defendants each raising issues concerning the interpretation of the terms.  There also remain issues of fact regarding the conflicting views of the parties of whether the collapse was caused by hidden decay. Doc. No. 26.  In the appeal of a district court decision in an action similar to the case at bar, the Second Circuit stated that "New York law provides no clear answer whether coverage for 'collapse' caused by 'hidden decay' covers a building whose structural integrity was impaired by deteriorated mortar joints that were hidden from view, or requires that the building have suffered a total or near-total destruction (or some other formulation the Court of Appeals may eventually settle on)." Dalton v. Harleysville Worcester Mutual Insurance Company, 557 F.3d at 92.  In Dalton, the court of appeals rejected the district court's ruling that the plaintiff's "coverage for collapse covers only a total or near-total destruction and not a substantial

impairment of the integrity of the building" The court of appeals vacated the district court's grant of summary judgment and remanded for further proceedings. Id. Accordingly, this court finds that triable issues of fact remain in the case before it, and the court is precluded from granting the relief that defendants seek in their motion for summary judgment.

III.   CONCLUSION

For the reasons set forth supra, defendants' motion to dismiss the second cause of action in plaintiff's complaint (Doc. No. 12) is hereby DENIED, and plaintiff is instructed to amend its complaint in conformance with this decision and order.  The court requests that the magistrate lift the stay of discovery currently in place and allow the parties to proceed with discovery on the issues raised in its second cause of action.  Defendants' motion for summary judgment (Doc. No. 22) is hereby DENIED in its entirety.

   SO ORDERED.

March 30,  2010

_____
Neal P. McCurn
Senior  U.S. District Judge